**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WITTE BROTHERS EXCHANGE, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SUPERLATUS PD HOLDING )<br>COMPANY, INC., *et al.*, )<br>)<br>Defendants. ) | Case No. 4:24-cv-1184-MTS |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Default Judgment for a Sum Certain pursuant to Federal Rule of Civil Procedure 55(b)(1). Doc. [70]. For the reasons that follow, the Court will deny the Motion.

\*

On May 20, 2025, Plaintiff filed the operative Second Amended Complaint in this matter, asserting claims for Breach of Contract (Counts I and II), Quantum Meruit (Count III), Fraud (Counts IV and V), and Fraudulent Transfer (Count VI). Doc. [54]. That Complaint names the following Defendants: Superlatus PD Holding Company ("Holdco"); SFG Consolidated Inc. f/k/a Superlatus Foods Inc. ("Superlatus Foods"); Forbes Fischer ("Fischer"); Superlatus, Inc. ("Superlatus"); and Timothy Alford. *Id.* As of June 16, 2025, none of these Defendants had filed a responsive pleading by its applicable deadline.[*]

---

[*] Scienture Holdings, Inc. f/k/a Trxade Health, Inc. ("Trxade") properly responded to Plaintiff's First Amended Complaint on December 03, 2024, Doc. [23], and subsequently settled the claims that Plaintiff asserted against it on or before May 08, 2025, Doc. [51].

Accordingly, Plaintiff sought, and the Clerk of Court ultimately entered, Clerk's Entry of Default as to each of these Defendants.  Doc. [68]; *see* Fed. R. Civ. P. 55(a).  Plaintiff now moves for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) to recoup the "sum certain" that is owed to it under two breached contracts.  Doc. [70] ¶¶ 32, 52.  Specifically, Plaintiff contends that it is owed $84,343.75 related to a Warehouse Contract, Doc. [70-3], $222,981.05 related to a Transportation Contract, Doc. [70-5], and $87,685.00 in pre-judgment interest, Doc. [70] ¶ 52.  In addition, because both respective contracts state that Plaintiff is entitled to "all costs, charges and expenses including reasonable attorney's fees" incurred in connection with performance under the contracts, *compare* Doc. [70-3] at 4, *with* Doc. [70-5] at 12, Plaintiff moves to recover $120,848.15 in attorney's fees and costs, Doc. [70] ¶ 52.  To support each amount, Plaintiff submits several affidavits, declarations, and exhibits. Notwithstanding that documentation, the Court cannot grant Plaintiff's Motion.

Federal Rule of Civil Procedure 55(b)(1) empowers the clerk to enter default judgement only "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  In that instance, the clerk "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing."  *Id.*  Alternatively, when a plaintiff seeks default judgment on a claim that is not for a "sum certain," it must proceed under Rule 55(b)(2).  That provision allows the Court to "conduct hearings or make referrals" if necessary to "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." Fed. R. Civ. P. 55(b)(2)(B)–(D).

In general, courts have recognized that "the need to fix 'reasonable' attorney's fees prevents the clerk from entering a judgment under Rule 55(b)(1)." 10A *Wright & Miller's Federal Practice & Procedure* § 2683 (4th ed. 2025). This is because, even if a party's entitlement to attorney's fees is beyond question, what constitutes a *reasonable* amount remains a judgment call that the clerk of court is not empowered to make. *See, e.g.*, *Combs v. Coal & Min. Mgmt. Servs., Inc.*, 105 F.R.D. 472, 475 (D.D.C. 1984) (finding that ERISA entitled plaintiff to reasonable attorney's fees, but only the court could determine the ultimate amount); *see also Fidelity Nat'l Title Ins. Co. v. Jackson*, 4:19-cv-2979-HEA, 2020 WL 353594, at *2 (E.D. Mo. Jan. 21, 2020) (granting default judgment pursuant to Rule 55(b)(1) where plaintiff "indicated that it is forgoing its right to recover 'reasonable attorneys' fees'" under the contract).

Therefore, to obtain a default judgment award of reasonable attorney's fees in this action, Plaintiff must proceed under Rule 55(b)(2). If Plaintiff so moves, the Court will take as true all of Plaintiff's allegations pertaining to liability and "consider whether the unchallenged facts constitute a legitimate cause of action." *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010). Further, it will remain Plaintiff's burden to prove damages, which it may do "by . . . sworn affidavit and supporting documentation." *PNC Bank, Nat'l Ass'n v. Lindstrom & McKenney, Inc.*, 4:18-cv-01649-RWS, 2019 WL 4600657, at *2 (E.D. Mo. Sept. 23, 2019). To that end, Plaintiff must be sure to "provide sufficient basis on which the Court can properly consider whether the requested attorney's fees are reasonable under the circumstances." *Cennox Reactive Field Servs., LLC v. Cash Cloud, Inc.*, 6:22-cv-

03274-RK, 2022 WL 18411315, at *2 (W.D. Mo. Dec. 28, 2022) (denying a Rule 55(b)(1) motion for default judgment seeking reasonable attorney's fees for lack of a sum certain).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(1) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a new Motion for Default Judgment, consistent with this Memorandum and Order, no later than October 29, 2025.

Dated this 8th day of October 2025.

                                            MATTHEW T. SCHELP
                                            UNITED STATES DISTRICT JUDGE